```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
JOHN E. MCCAULEY,                  :
                                   :
                    Plaintiff,     :
                                   :   97 Civ. 7662 (LMM)
v.                                 :
                                   :
FIRST UNUM LIFE INS. CO.,          :   MEMORANDUM AND ORDER
                                   :
                    Defendant.     :
                                   :
- - - - - - - - - - - - - - - - - X
```

1.

The facts relevant to the instant decision are recited herein.  A detailed factual background is provided in McCauley v. First UNUM Life Ins. Co., 2006 WL 2854162 (S.D.N.Y. October 5, 2006), familiarity with which is assumed.

2.

On October 4, 2006, this Court granted First UNUM Life Insurance Company ("First UNUM" or "Defendant") summary judgment, dismissing John E. McCauley's ("McCauley" or "Plaintiff") claims against his ERISA plan administrator, First UNUM, for wrongful denial of long-term disability benefits.  See McCauley v. First UNUM Life Ins. Co., 2006 WL 2854162 (S.D.N.Y. October 5, 2006).  On appeal, in light of the Supreme Court's decision in Glenn, Metro. Life Ins.

Co. v. Glenn, 128 S. Ct. 2343 (2008), the Second Circuit devised a new standard for determining the standard of review a court should apply to benefit determinations when a plan administrator has discretion to determine benefits and has a conflict of interest.  See McCauley v. First UNUM Life Ins. Co., 551 F.3d 126 (2d Cir. 2008).

Reviewing First UNUM's benefit denial under the new standard, the Court of Appeals found that First UNUM's denial of McCauley's long term disability claim was "arbitrary and capricious" and vacated this Court's grant of summary judgment.  Id. at 137.  Based on its review, the Court of Appeals then determined that McCauley was entitled to summary judgment.  Id. at 138.  The cause was remanded for this Court to enter summary judgment in McCauley's favor and to calculate the benefits to which McCauley is entitled.  Id.  That is the limited task with which this Court concerns itself.

3.

Under First UNUM policy 457111 ("the Policy"), issued to Sotheby's ("the Policyholder"), the material provisions are as follows.  Covered employees that are disabled are eligible for "60% (benefit percentage) of basic monthly earnings not to exceed the maximum monthly benefit, less other income benefits."  (Compl. Ex. 1, 3.)  The maximum

monthly benefit under the policy is $20,000.  (Id.) McCauley is therefore entitled to a monthly disability payment equal to 60% of his salary prior to his disability ($11,000 per month) less any other income.

The Second Circuit determined that McCauley "is entitled to benefits and interest to run from September 18, 1995, the date on which First UNUM rejected his appeal." McCauley v. First UNUM Life Ins. Co., 551 F.3d 126, 138 (2d Cir. 2008).  The Second Circuit did not indicate a terminus date; instead, the Policy terms govern the period for which McCauley is entitled to disability benefits.  According to the Policy, "[t]he benefit will be paid for the period of disability if the insured gives to the Company proof of continued: 1. disability; and 2. regular attendance of a physician.  The proof must be given upon request and at the insured's expense."  (Compl. Ex. 1, 14.)  "Disability benefits will cease on the earliest of: 1. the date the insured is no longer disabled; 2. the date the insured dies; 3. the end of the maximum benefit period; the date the insured's current earnings exceed 80% of his pre-disability earnings." (Id. at 17.)  The Policy sets McCauley's maximum benefit period to age 65.  (Id. at 3.)

So McCauley is entitled to disability benefits for the period from September 18, 1995 to date, so long as McCauley

3

provides First UNUM with evidence that for that period he was continuously disabled and regularly attended to by a physician.  (Id. at 14.)  With the same limitations, McCauley's benefits would continue until his sixty fifth birthday, or June 9, 2011.

First UNUM argues that under the Policy's "recurrent disability provision," McCauley ceased to be eligible for disability benefits when, subsequent to becoming disabled, he became employed as company secretary of Schroder's Bermuda Ltd. ("Schroder's") for eight months.[1]  The Policy indicates that if an insured returns to his regular occupation[2] and works full-time for more than six months, he is no longer entitled to disability benefits he had been receiving.  (Id. at 16-17.)  There is no dispute that after becoming disabled, McCauley worked for Schroder's from October 1995 to May 1996 (McCauley Aff. ¶ 21) and earned a salary of $125,000 per year (McCauley Dep. April 14, 2001 64:10-65: 6).  First UNUM argues that this recurrent disability provision controls and cuts off McCauley's

---

[1] First UNUM also argues that McCauley's entitlement ceased under the Policy's provision that terminates disability benefits upon the claimant earning 80% of his pre-disability earnings when McCauley worked at Schroeder's for more than 80% of his earnings at Sotheby's. The same analysis regarding the application of the recurrent disability provision applies to this provision as well.
[2] McCauley contends that he was not employed in the same occupation at Schroder's and Sothebys.  (McCauley Aff. ¶ 21.) That question need not be reached.

4

benefits, while McCauley argues that the provision should not apply because by denying his benefits without justification, First UNUM left McCauley no choice but to struggle to reenter the workforce, despite his disability.

This Court is persuaded by McCauley's argument.  The Second Circuit has already determined that McCauley was disabled as of September 15, 1995 and suffering "severe and debilitating health problems."  <u>McCauley v. First UNUM Life Ins. Co.</u>, 551 F.3d 126, 138 (2d Cir. 2008).  McCauley testified that "the failure of First UNUM to pay the promised and contracted for benefits left me with no source of income . . . I had medical and life insurance coverage but could not pay my bills, including my mortgage." (McCauley Aff. ¶ 20.)  It was in this context that McCauley sought employment at Schroder's.  He described his tenure at Schroder's:

> In October 1995, desperately short of cash, I accepted a position as Company Secretary with Schroder's Bermuda Ltd.  I worked for Schroder's until May 1996, eight (8) months. The people at Schroder's were extremely understanding concerning my illness and extended every consideration to my physical limitations.  Every day at work was agony for me.  The physical pain and fear of my incontinence, etc., finally rendered me unable to continue to perform.  By joint assessment, I left for medical reasons in May 1996.

(McCauley Aff. ¶ 21.)

5

The Court is persuaded that it would be inequitable to permit First UNUM to benefit by application of the recurrent disability provision when it wrongfully denied McCauley's benefits and put him in a dire financial position where he had to attempt to work, even as he was disabled.  Courts in this district have applied the doctrine of unconscionability to ERISA plans.  See Burke v. PriceWaterhouseCoopers LLP Long Term Disability Plan, 537 F. Supp. 2d 546, 553 (S.D.N.Y. 2008) (citing Scheirer v. NMU Pension & Welfare Plan, 585 F. Supp. 76, 79 (S.D.N.Y. 1984) ("Absent a finding of unconscionability of the shorter statute of limitations provided for in the insurance policy, it would  be anomalous for this Court to allow plaintiff to maintain an action to recover a benefit which was created by and exists solely because of the regulations of the Plan, while at the same time to deny effect  to the conditions those same regulations place upon receipt of that benefit.")); Tucker Leasing Capital Corp. v. Pizzuti Dev., Inc., 1992 WL 554186, at *7 (E.D.N.Y. Jan. 7, 1992) ("Absent unequal bargaining power or unconscionability . . . a court will not rewrite a contract.")).  In sum, if a court finds a plan provision to be unconscionable, it can deny effect to that provision, while allowing other provisions to remain intact.

6

Here, the Court finds that a literal reading of the recurrent disability provision that would allow First UNUM to wrongfully deny benefits to an insured, and then penalize him for attempting to earn some income, even as he is disabled and at potential peril to his health, would be unconscionable. Such a literal reading of that provision will not be given effect.

A contract is unconscionable if it is "so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable according to its literal terms." Gillman v. Chase Manhattan Bank, 73 N.Y.2d 1, 10 (N.Y. 1988). In determining whether a contract or clause is unconscionable, a court must consider the "background of the contract's commercial setting, purpose and effect." Sablosky v. Edward S. Gordon Co., 73 N.Y.2d 133, 13 (N.Y. 1989). For the doctrine to apply, a court must find both procedural and substantive unconscionability. Id.

Substantive unconscionability is present when the terms of the bargain were "unreasonably favorable" to one party. Gillman, 73 N.Y.2d at 12. Gillman requires an analysis of "the substance of the bargain to determine whether the terms were unreasonably favorable to the party against whom unconscionability is urged." Id.

7

Procedural unconscionability turns on whether the parties had meaningful choice in the contract formation process. Id. at 828. The court is to consider "the size and commercial setting of the transaction, whether deceptive or high-pressured tactics were employed, the use of fine print in the contract, the experience and education of the party claiming unconscionability, and whether there was disparity in bargaining power." Id. (citations omitted).

In this case, were the recurrent disability provision to be read and applied in a manner that essentially rewards First UNUM for wrongfully denying benefits, it would be unreasonably favorable to First UNUM. It is clear from both the Second Circuit's findings and from McCauley's testimony that McCauley was suffering "severe and debilitating health problems" in the fall of 1995. McCauley v. First UNUM Life Ins. Co., 551 F.3d 126, 138 (2d Cir. 2008). The Second Circuit has also determined that First UNUM's denial of benefits on September 15, 1995 was "arbitrary and capricious." Id. It is clear from the record that at that time, McCauley was not just suffering physically, but as a result of First UNUM's wrongful denial of disability benefits, McCauley was suffering financially. To describe McCauley's return to work at Schroder's as

8

voluntary or his eight month tenure there as anything other than "agony" would defy the facts in the record. The Court finds such a reading of the recurrent disability provision substantively unconscionable.

The court also finds the provision procedurally unconscionable. Sotheby's as the Policyholder would have negotiated the terms of the Plan with First UNUM, and there is no evidence as to the relative bargaining power of First UNUM and Sotheby's. But relevant here is whether McCauley had any ability to bargain for the terms, and McCauley had no opportunity to engage in that process.

The recurrent disability provision will not be interpreted to cut off disability benefits because McCauley attempted to work while disabled to offset the financial hardship caused by First UNUM's wrongful denial of his disability benefits claim. The recurrent disability provision, therefore, has no effect here.

McCauley is therefore entitled to disability benefits to run from September 15, 1995 to date, and thereafter to monthly benefits until his sixty fifth birthday. By September 1, 2009, McCauley is to submit to First UNUM proof of disability for the period of September 18, 1995 to date. First UNUM then has one week to submit to the Court, in writing, any comments. Once the period for which

9

McCauley was disabled is established, the Court will provide the parties an opportunity to submit calculations of the benefits owed and the prejudgment interest.

SO ORDERED.

Dated: August 18, 2009

_____
Lawrence M. McKenna
U.S.D.J.